COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-124-CV

WANDA BONNEY AND MARVIN      APPELLANTS

BONNEY, INDIVIDUALLY AND 

D/B/A COMPUQUICK TAX
 

V.

EDWARD E. SCOTT AND APPELLEES

PATRICIA D. SCOTT, 

INDIVIDUALLY AND COMPUTAX 

& ACCOUNTING SERVICES, L.L.C. 

----------

FROM THE 153
RD
 
DISTRICT COURT OF TARRANT COUNTY

----------

MEMORANDUM OPINION
(footnote: 1) AND JUDGMENT

----------

We have considered the parties’ “Joint Motion To Dismiss,” requesting that we vacate our April 30, 2009 judgment; vacate the trial court’s February 5, 2008 judgment and dismiss the case; assess costs to be paid by the party incurring same; and render judgment effectuating their agreement.  It is the court’s opinion that the motion should be granted in part and denied in part.
(footnote: 2)  
See
 
Tex. R. App. P.
 42.1(a)(2), 43.2(e).  Accordingly, we withdraw our April 30, 2009 judgment and the opinion issued the same date, and, without regard to the merits, we set aside the trial court’s judgment and remand the case to the trial court for rendition of judgment in accordance with the parties’ settlement agreement. 
 See
 Tex. R. App. P. 42.1(a)(2)(B), (c), 43.2(d); 
Innovative Office Sys., Inc. v. Johnson
, 911 S.W.2d 387, 388 (Tex. 1995).  We dismiss the parties’ pending “Agreed Motion for Rehearing” as moot.

Costs of this appeal shall be paid by the party incurring same.  
See
 Tex. R. App. P. 42.1(d). 

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.  

DELIVERED: July 2, 2009  

FOOTNOTES
1:
See
 
Tex. R. App. P.
 
47.4.

2:
That is, the parties ask us to render judgment effectuating the parties’ agreement 
and
 to vacate the trial court’s judgment and dismiss the case.  Rule 42.1(a)(2), however, permits us to render judgment effectuating the parties’ agreement 
or
 to vacate the trial court’s judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement; we cannot do both.  
See 
Tex. R. App. P. 42.1(a)(2)(A), (B)
; 
see also Cunningham v. Cunningham
, No. 02-08-00362-CV, 2008 WL 5479677, at *1 n.2 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op.).

Furthermore, although the parties claim in their motion that they specifically agree “to vacate this Court’s April 30, 2009 Judgment,” we observe that the 
parties
 have no authority to vacate this court’s judgment—they may only 
request
 that this court vacate its judgment in light of their joint motion.  
See
 Tex. R. App. P. 42.1, 43.2.